```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION


LYNNE YOUNGER AND
MICHAEL YOUNGER                                         PLAINTIFFS


VS.                         CIVIL ACTION NO. 3:04-cv-786(DCB)(JCS)


MITCH HALE, ROBERT D. HALE, JANE HALE,
LUCAS HALE, R. MITCHELL HALE, AND
SUZYN HALE, INDIVIDUALLY AND D/B/A
HALE'S FIREWORKS, HALE'S FIREWORKS, LLC,
AND JAY HOWELL                                          DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendants' motion for summary judgment **(docket entry 26)**, and on the defendants' motion to strike affidavit **(docket entry 31)**. Having carefully considered the motions, responses, and memoranda, as well as the applicable law, and being fully advised in the premises, the Court finds as follows:

On December 26, 2002, the defendants were operating a fireworks stand, known as "Hale's Fireworks," on Grants Ferry Road in Rankin County, Mississippi. The plaintiffs' first amended complaint alleges that on that date Lee Benjamin Boutwell, Christopher Gray Boutwell, Leslie McCoy, Holly Palmertree, and/or David Stamatis gained access to the tent housing the fireworks stand and stole "approximately 3000 artillery shells, extremely high powered explosive fireworks, containing up to 500 grams of

powder." First Amended Complaint, ¶ 6. The thieves then "went to Plaintiffs' home and set off the artillery shells in or near Plaintiffs' garage, causing it to catch fire." Id. The plaintiffs allege property damage and personal injuries as a result of the fire. Id.

Mississippi law prohibits the manufacture, sale, possession or use of fireworks except those classified as "common fireworks" by the Interstate Commerce Commission and labeled by the Commission with the Class C common fireworks label. Miss. Code Ann. § 45-13-1. Such items "shall contain an explosive composition not exceeding two (2) grains in weight," and are permitted within the state only upon the conditions set forth by statute. Id. Violation of the statute is a felony. Miss. Code Ann. § 45-13-15. In addition, anyone violating the statute "shall be responsible for any and all injuries, deaths and property damage caused by or resulting from illegal fireworks." Id. The plaintiffs claim that the defendants were in violation of the statute "in that they had in their possession and were holding out for sale fireworks which exceeded the definition of "Class C" common fireworks, specifically the artillery shells which contained more than the two (2) grains of powder limit." First Amended Complaint, ¶ 14.

The defendants, in their memorandum in support of summary judgment, allege: "At no time relevant hereto, did Defendants sale [sic], store, and/or keep on the subject Hale's Fireworks, LLC

2

premise [sic] any fireworks other than Class C fireworks as approved and labeled by the CPSC." Defendants' Memorandum, p. 8. Further, they allege that "[a]t no time relevant hereto, did Defendants violate any statute and/or code of the state of Mississippi or the United States." Id. at 9.

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of

3

material fact.  <u>Celotex</u>, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim.  <u>Id</u>.  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim.  <u>Id</u>. at 323-24.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." <u>Id</u>. at 324.

The threshold issue in this case is whether the fireworks in question were classified as "common fireworks" by the Interstate Commerce Commission.  This is a disputed issue.  Since only conclusory allegations were submitted by both sides, the Court cannot determine if there is a genuine issue of material fact on this point, and must deny the defendants' motion.  If the fireworks in question were not "common fireworks," the issue becomes whether the defendants were in violation of the statute and therefore negligent per se.  If, on the other hand, the fireworks were "common fireworks," the ordinary law of negligence including duty, breach of duty, and proximate cause will apply.  The Court also notes that in a motion for continuance filed February 3, 2006, the parties represent to the Court that they have "suspended discovery pending the outcome of the Motion for Summary Judgment," and that "[s]hould the Motion for Summary Judgment be denied additional

4

discovery is required by both parties." Motion for Continuance, ¶¶ 5-6.  This should be done as expeditiously as possible.

In their motion to strike affidavit, the defendants request that the affidavit of Tiffany Mikkelson be stricken.  On June 21, 2004, Mikkelson, an employee of the plaintiffs' attorneys' law firm, visited the defendants' fireworks stand and interviewed defendant Jay Howell.  Rule 4.2 of the Rules of Professional Conduct forbids an attorney from conducting unauthorized ex parte communications with a represented party.  While Mikkelson was not an attorney at the time, she was attending law school and was working as a clerk for plaintiffs' counsel.  Thus it would appear that Mikkelson was acting as an attorney or under the direction of an attorney.  See White v. Illinois Central Railroad Company, 162 F.R.D. 118, 119 (Rule 4.2 applied where attorney sent investigator to interview defendant's employees).  However, at this stage in the proceedings, it is not necessary for the Court to resolve this issue.  Since the defendants' motion for summary judgment is being denied without resort to the Mikkelson affidavit, the motion may be re-urged at a later time or upon renewal of the summary judgment motion.  Accordingly,

IT IS HEREBY ORDERED that defendants' motion for summary judgment **(docket entry 26)** is DENIED without prejudice;

FURTHER ORDERED that the defendants' motion to strike affidavit **(docket entry 31)** is MOOT.

SO ORDERED, this the 3rd day of February, 2006.

<u>S/DAVID BRAMLETTE</u>  
UNITED STATES DISTRICT JUDGE