IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LYNNE YOUNGER AND
MICHAEL YOUNGER                                        PLAINTIFFS


VS.                        CIVIL ACTION NO. 3:04-cv-786(DCB)(JCS)


MITCH HALE, ROBERT D. HALE, JANE HALE,
LUCAS HALE, R. MITCHELL HALE, AND
SUZYN HALE, INDIVIDUALLY AND D/B/A
HALE'S FIREWORKS, HALE'S FIREWORKS, LLC,
AND JAY HOWELL                                         DEFENDANTS


<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the defendants' motion **(docket entry 39)** and supplemental motion **(docket entry 40)** for reconsideration of their motion for summary judgment.  Having carefully considered the motions, to which no response was filed by the plaintiffs, and the applicable law, and being fully advised in the premises, the Court finds as follows:

On December 26, 2002, the defendants were operating a fireworks stand, known as "Hale's Fireworks," on Grants Ferry Road in Rankin County, Mississippi.  The plaintiffs' first amended complaint alleges that on that date Lee Benjamin Boutwell, Christopher Gray Boutwell, Leslie McCoy, Holly Palmertree, and/or David Stamatis gained access to the tent housing the fireworks stand and stole "approximately 3000 artillery shells, extremely high powered explosive fireworks, containing up to 500 grams of

powder." First Amended Complaint, ¶ 6.  The thieves then "went to
Plaintiffs' home and set off the artillery shells in or near
Plaintiffs' garage, causing it to catch fire." <u>Id</u>.  The plaintiffs
allege property damage and personal injuries as a result of the
fire.  <u>Id</u>.

    Mississippi law prohibits the manufacture, sale, possession or
use of fireworks except those classified as "common fireworks" by
the Interstate Commerce Commission and labeled by the Commission
with the Class C common fireworks label.  Miss. Code Ann. § 45-13-
1.  Such items "shall contain an explosive composition not
exceeding two (2) grains in weight," and are permitted within the
state only upon the conditions set forth by statute.   <u>Id</u>.
Violation of the statute is a felony.  Miss. Code Ann. § 45-13-15.
In addition, anyone violating the statute "shall be responsible for
any and all injuries, deaths and property damage caused by or
resulting from illegal fireworks." <u>Id</u>.

    The plaintiffs allege alternative theories of recovery.
First, they claim that the defendants were in violation of the
statute and therefore negligent per se.  In the alternative, the
plaintiffs claim that if the fireworks were "common fireworks," the
defendants should be found liable under the ordinary law of
negligence.  The defendants moved for summary judgment, and in
their memorandum in support thereof alleged: "At no time relevant
hereto, did Defendants sale [sic], store, and/or keep on the

subject Hale's Fireworks, LLC premise [sic] any fireworks other than Class C fireworks as approved and labeled by the CPSC." Defendants' Memorandum, p. 8. Further, they alleged that "[a]t no time relevant hereto, did Defendants violate any statute and/or code of the state of Mississippi or the United States." Id. at 9.

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of

material fact.  <u>Celotex</u>, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim.  <u>Id</u>.  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim.  <u>Id</u>. at 323-24.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." <u>Id</u>. at 324.

     The threshold issue in this case is whether the fireworks in question were classified as "common fireworks" by the Interstate Commerce Commission.  In its Memorandum Opinion and Order of February 3, 2006, the Court found that discovery on this issue had not been completed.  The Court therefore allowed the parties time to conduct further discovery, and allowed the defendants time to re-urge or renew their motion for summary judgment.  The discovery deadline of May 8, 2006, has passed.  Upon the present motion for reconsideration, which the Court treats as a renewal of the defendants' original motion for summary judgment, the Court finds that the plaintiffs have failed to produce any evidence that the fireworks being sold by the defendants were anything other than "common fireworks" labeled as Class C common fireworks by the Interstate Commerce Commission.  The Court therefore finds that Miss. Code Ann. § 45-13-1 is inapplicable to the facts of this

case.

As for the plaintiffs' claim pursuant to the ordinary law of negligence, under Mississippi law "actionable fault must be predicated upon action or inaction, prompted by knowledge, actual or implied, of facts which make the result of the defendant's conduct not only the probable result but also a result which the defendant should, in view of the facts, have reason to anticipate." Touche Ross & Company v. Commercial Union Ins. Co., 514 So.2d 315, 323 (Miss. 1987)(citing Sprayberry v. Blount, 336 So.2d 1289, 1294 (Miss. 1976))(additional citations omitted).  "Moreover, the defendant's conduct must then cause the loss, by natural and continuous sequence, unbroken by any efficient intervening causes." Id. (citing Thompson v. Mississippi Central Railroad Co., 175 Miss. 547, 554-55, 166 So. 353 (1936).

"A defendant is obligated solely to safeguard against reasonable probabilities and is not charged with foreseeing all occurrences, even though such occurrences are within the range of possibility." Breland v. United States, 791 F.Supp. 1128, 1134 (S.D. Miss. 1990)(citing Pargas of Taylorsville, Inc. v. Craft, 249 So.2d 403 (Miss. 1971); Saucier v. Walker, 203 So.2d 299 (Miss. 1967)).  "[A]lthough one actor may be guilty of negligence, he is relieved of liability if another, acting independently and voluntarily, puts into motion another and intervening cause which efficiently leads in unbroken sequence to the injury." Id. (citing

*Mississippi City Lines, Inc. v. Bullock*, 13 So.2d 34 (Miss. 1943)).

In *Bullock*, the Mississippi Supreme Court defined "intervening cause" as follows:

> Although one may be negligent, yet if another, acting independently and voluntarily, puts in motion another and intervening cause which efficiently thence leads in unbroken sequence to the injury, the latter is the proximate cause and the original negligence is relegated to the position of a remote and, therefore, non-actionable cause. Negligence which merely furnishes the condition or occasion upon which injuries are received, but does not put into motion the agency by or through which the injuries are inflicted, is not the proximate cause thereof. The question is, did the facts constitute a succession of events so linked together as to make a natural whole, or was there some new and independent cause intervening between the alleged wrong and the injury?

13 So.2d at 36 (citations omitted).

"[A]n intervening cause is not reasonably anticipated if it is a remote possibility, such as a criminal act." *Breland*, 791 F.Supp. at 1136. "As a general rule, a wilful, malicious, or criminal act breaks the chain of causation." *Anderson v. Theisen*, 43 N.W.2d 272, 273 (Minn. 1950)(quoted in *Permenter v. Milner Chevrolet Co.*, 91 So.2d 243, 245 (Miss. 1956)).

The Court assumes for purposes of the motion for summary judgment (and does not so hold) that the defendants were negligent in failing to prevent the theft of the fireworks. The ultimate issue is whether such negligence, if any, was the proximate cause of the fire. "[E]ven where negligence is shown that fact alone affords no basis for the recovery of damages unless it further

appears from direct evidence or reasonable inference that such negligence proximately contributed to the damage." Tombigbee Elec. Power Ass'n v. Gandy, 62 So.2d 567, 569 (Miss. 1953).

In Bufkin v. Louisville and N.R. Co., 137 So. 517 (Miss. 1931), the Mississippi Supreme Court held:

> A wrongdoer is responsible for the consequences of his own wrongful act, but he is not responsible for what others, acting independently of him, and for themselves, did, even though his act may be the occasion of their act. They are independent actors, and each is responsible for his own act. "Consecutive wrongs, done by independent agents, cannot be conjoined to increase or enlarge the responsibility of one of them." One person is negligent on a particular subject-matter, another person, moving independently, comes in, and either negligently or maliciously so acts as to make the negligence of the other injurious to a third person. In such a case the person so interfering "acts as a nonconductor and insulates" the negligence of the other person.

Id. at 518 (citations omitted). A defendant "is not required to anticipate an 'unusual or improbable result.'" Touche Ross, 514 So.2d at 323 (quoting Paramount-Richards Theatres v. Price, 211 Miss. 879, 887, 53 So.2d 21, 22 (1951)). Nor is he required to anticipate "other 'remote possibilities.'" Id. (quoting Wright v. Illinois Central Railroad Co., 196 Miss. 150, 155, 16 So.2d 381, 388 (1944)).

In this case, the negligence of the defendants, if any, in failing to prevent the theft of the fireworks, merely furnished the condition or occasion upon which the plaintiffs' injuries were received. The fireworks which injured the plaintiffs were stolen

from the defendants.  However, the defendants' failure to prevent
the theft did not put in motion the agency by or through which the
injuries were inflicted.  That agency was put in motion by the
thieves themselves, when they intentionally lit the fireworks in or
near the plaintiffs' garage, causing it to catch fire.  The
proximate cause of the plaintiffs' injuries was not the negligence,
if any, of the defendants, but the intentional acts of those who
stole the fireworks.  See Garza v. United States, 809 F.2d 1170 (5th
Cir. 1987)(applying Texas law, but cited in Breland, 791 F.Supp. at
1136)(although United States was negligent for failing to maintain
adequate control over explosive device, injury to child after
device had been stolen was not foreseeable).  See also Robinson v.
Howard Brothers of Jackson, Inc., 372 So.2d 1074 (Miss.
1979)(negligence in selling firearm to minor was superseded by
independent intervening agency when plaintiffs' decedent was
murdered by minor).

The Restatement (Second) of Torts § 315 recognizes two types
of special relationships that may form the basis of an exception to
the general principle that a person has no duty to control the
conduct of a third person.  One exception is based on the finding
of a special relationship "between the actor and the third person
which imposes a duty upon the actor to control the third person's
conduct."  Id.  The other type of special relationship is that
"between the actor and the other [the potential plaintiff] which

gives to the other a right to protection." Id.  Neither of these has been alleged by the plaintiff, nor are there any facts presented that would create a fact issue concerning a special relationship.  In Howard Brothers of Phenix City, Inc. v. Penley, 492 So.2d 965 (Miss. 1986), for example, liability was found where a firearms dealer negligently failed to ascertain a customer's demeanor and mental fitness allowing him access to a loaded weapon, whereupon the mentally deranged customer took another customer hostage with the weapon.  Unlike the Penley case, in this case no special relationship can be found to exist between the defendants and the third persons who stole the fireworks, nor between the defendants and the plaintiffs.

The Court finds that the plaintiffs have failed to present any evidence that could support a finding of proximate cause; therefore, reasonable minds are compelled to a singe conclusion, which is that there can be no liability of the defendants for the damages and injuries to the plaintiffs, and the defendants are entitled to summary judgment as a matter of law.  Accordingly,

IT IS HEREBY ORDERED that the defendants' motion **(docket entry 39)** and supplemental motion **(docket entry 40)** for reconsideration of their motion for summary judgment, which the Court treats as a renewal of the defendants' original motion for summary judgment, are GRANTED.

A separate final judgment in accordance with Fed.R.Civ.P. 58

shall be entered, dismissing this action with prejudice.

SO ORDERED, this the  14th  day of August, 2006.


                                  s/ David Bramlette
                        UNITED STATES DISTRICT JUDGE